**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | | |
|---|---|---|
| EDWARD BANKS, et al., | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 20-00849 (CKK) |
| | : | |
| v. | : | |
| | : | |
| QUINCY BOOTH, et al., | : | |
| | : | |
| Defendants. | : | |

**MOTION OF THE FRATERNAL ORDER OF POLICE FOR
THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS
LABOR COMMITTEE FOR LEAVE TO SUBMIT AN *AMICUS CURIAE* BRIEF IN
SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**

The Fraternal Order of Police for the District of Columbia Department of Corrections Labor Committee (FOP/DOC), through its attorneys with HANNON LAW GROUP, LLP, respectfully presents this motion for leave to file a brief as *amicus curiae* in support of the position of Plaintiffs. Counsel for Plaintiffs consent to the relief sought in this motion. Counsel for Defendants oppose this motion.

**INTRODUCTION**

Local Civil Rule 7 (o)(1) provides that a party seeking to file a brief as *amicus curiae* may do so upon leave of court. LCvR 7 (o)(2) provides:

> A motion for leave to file an amicus brief shall concisely state the nature of the movant's interest; identify the party or parties supported, if any; and set forth the reasons why an amicus brief is desirable, why the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case. The motion shall state the position of each party as to the filing of such a brief and be accompanied by a proposed order. The motion shall be filed in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter. Any party may file an opposition to a motion for leave to file an amicus brief, concisely stating the reasons for such opposition, within 14 days after service of the motion or as ordered by the Court. There shall be no further briefing unless otherwise ordered by the Court.

**ARGUMENT**

District courts have discretion whether to grant leave to file an *amicus* brief. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008); *see also Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013). There is no Federal Rule of Civil Procedure that applies to motions for leave to appear as *amicus curiae* in district court. Therefore, district courts often look for guidance to Federal Rule of Appellate Procedure 29, which applies to *amicus* briefs in federal appellate cases. *See, e.g.*, *Am. Humanist Ass'n v. Md.-Nat'l Capital Park & Planning Comm'n*, 147 F. Supp. 3d 373, 389 (D. Md. 2015). Rule 29 provides that prospective *amici* must file along with the proposed brief, a motion that states "the movant's interest" and "the reason why an *amicus* brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. Proc. 29(a)(3). Our Local Civil Rule 7 (o)(2) requires this information plus more.

    A.    **The Nature of the Interest of the FOP/DOC**

The FOP/DOC consists of over 900 members who work at the D.C. Jail. The majority work in positions in Housing Units requiring them to interact with inmates throughout the shift. Others work in locations which require them to have contact with inmates as well as other staff at the Jail. The members' interest is the same as that of the inmates whom they guard and protect: to be free of infection from the COVID-19 virus already rampant at the D.C. Jail. Two of our members have tested positive for COVID-19, as well as the wife of one of them. The members still working at the Jail are not tested. As the expert for the Plaintiffs opines, the likelihood is very high that a very large percentage of our members are now infected with COVID-19.

The interest of the FOP/DOC includes a right to be heard. As is detailed in the *amicus* brief lodged herewith, the leadership of the DOC has failed to communicate with the FOP/DOC regarding the crisis at the D.C. Jail. In addition, the leadership fails to employ recognized standards for providing for the protection of the health and safety of our members and their families.

In short, the members of the FOP/DOC believe that their lives are at risk if Plaintiffs do not succeed in portraying to the Court the truth of the inferno in which they work.

B.  **An *Amicus* Brief from the FOP/DOC is Desirable.**

The Court's ruling on Plaintiffs' request for a temporary restraining order turns on the facts of what is occurring on a daily basis at the D.C. Jail. The FOP/DOC Labor Committee has reviewed the factual allegations and declarations filed by the DOC in this case. The members of the Committee know from personal knowledge, and from the personal knowledge of their members in the Jail, that the information being provided to the Court is false in many respects, misleading and incomplete. In addition, during this crisis the leadership of the DOC is not coming into the D.C. Jail. Their representations of what is happening in the Housing Units, in inmates' cells, in the quarantine units, in the transportation units, in the halls of the Jail are not based on personal knowledge. What FOP/DOC is able to present to the Court is even superior to that found so far by Plaintiffs' counsel, who are themselves severely hampered in finding the truth.

C.  **The Interests of the FOP/DOC are not Adequately Represented.**

The DOC defendants will not represent our interests. The inmate Plaintiffs, even with compulsory process, cannot adequately learn the facts, know where to look for them, or in some cases know what they mean. On the other hand, Plaintiffs' counsel complement the knowledge

of the FOP/DOC Labor Committee, as counsel are in the unique position as legal representatives for incarcerated citizens. Their understanding of their clients' lives in the D.C. Jail will be complemented by the knowledge of their clients' custodians.

      **D.     Why the Matters to be Asserted by FOP/DOC are Relevant.**

The matters that FOP/DOC intends to assert consist, in part, of the following: (1) the facts regarding the failure of DOC to provide COVID-19 protections to inmates and staff; (2) the facts which contradict almost every averment in the Declarations of Beth Jordan, M.D., and Warden Lennard Johnson; (3) the departures of DOC from both CDC Guidance and their own protocol for protection of inmates and staff from COVID-19; and (4) how the DOC leadership and the Mayor of the District of Columbia have attempted to cover-up the disaster of the D.C. Jail COVID-19 crisis.

## CONCLUSION

For the foregoing reasons, the FOP/DOC respectfully requests that the Court grant leave for the filing of a brief *amicus curiae,* attached hereto as Exhibit A, in support of Plaintiffs' Motion for a Temporary Restraining Order.

Dated: April 2, 2020                                      Respectfully submitted,

                                                                   HANNON LAW GROUP, LLP

                                                                   */s/ J. Michael Hannon*
                                                              J. Michael Hannon, D.C. Bar #352526
                                                              HANNON LAW GROUP, LLP
                                                              333 8th Street, N.E.
                                                              Washington, D.C. 20002
                                                              Tel: (202) 232-1907
                                                              Fax: (202) 232-3704
                                                              jhannon@hannonlawgroup.com

                                                              *Attorneys for Plaintiff*