**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EDWARD BANKS, *et al.,*

               Plaintiffs-Petitioners,

     v.                                 No. 1:20-cv-00849 (CKK)

QUINCY BOOTH, in his official capacity
 as Director of the District of Columbia
Department of Corrections, *et al.,*

               Defendants-Respondents.

**DECLARATION OF AMY PHILLIPS**

*I,* Amy Phillips*, certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1. My name is Amy Phillips. I am a staff attorney in the Trial Division at the Public Defender Service for the District of Columbia.  I have been a staff attorney since October of 2013.

2. On April 4, 2020, I conducted a legal visit with my client James Guillory in the attorney visitation area at the Correctional Treatment Facility ("CTF") in the District of Columbia.

3. During that meeting, Mr. Guillory agreed to provide a declaration regarding the conditions of confinement at CTF.

4. I agreed to write down the declaration while Mr. Guillory spoke.

5. After I finished writing down what Mr. Guillory told me in the declaration, Mr. Guillory reviewed the declaration. I put the declaration on the table in front of him, then sat beside him a few feet away from him in an attempt to practice social distancing. I read the declaration aloud to Mr. Guillory as he read it silently to himself. At the end of each page, I asked Mr. Guillory whether that page was accurate and correct. He was permitted to make any corrections he wanted to make. Once he had verified that the page was accurate, he labeled that page with a page number in the upper left hand corner, then signed his name and wrote the date in the lower right hand corner

6. When I later reviewed the declaration, I discovered that I had made a transcription error that neither I nor Mr. Guillory caught during our review of the document.

7. In paragraph 18, I accidentally omitted the word "no" from the sentence: "There are masks on our unit for residents."

8. I am certain that Mr. Guillory said that "[t]here are <u>no</u> masks on our unit for residents."

9. I recall Mr. Guillory specifically saying that there were no masks available to residents because Mr. Guillory came to our legal visit wearing gloves, but not a mask. He was carrying a paper towel. I asked him whether he had been offered a mask, and he told me that he had not, and that a staff member had told him to use the paper towel to cover his face during his legal visit. That part of my conversation with Mr. Guillory is memorialized in paragraph 2 of his declaration. Paragraph 2 accurately states Mr. Guillory's declaration, "My unit has no masks available. Inmates have never had access to masks."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on the **5th** day of April 2020, in Washington, D.C.

Amy Phillips, D.C. Bar #1017753
Staff Attorney
D.C. Public Defender Service
633 Indiana Avenue NW
Washington, DC 20004