SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

|  |  |  |
|---|---|---|
|  | : |  |
|  | : |  |
| IN RE SENTENCED MISDEMEANANTS | : | 2020 CNC 000120 |
|  | : |  |
|  | : |  |

## ORDER

   The Court is in receipt of the Public Defender Service's Emergency Motion for Order to Show Cause Why Persons Serving Misdemeanor Sentences at the Department of Corrections Central Detention Facility and Correctional Treatment Facility Should Not Be Released Forthwith in Light of the Crisis Created by the COVID-19 Pandemic, filed on March 27, 2020; the Office of the Attorney General's Opposition to PDS Emergency Motion, filed on April 1, 2020; the United States Attorney's Office's Response to the Defendants' Request to Immediately Release all Misdemeanants, without Due Regard for Criminal History, Nature of Offense, Victims' Rights, or Public Safety, filed on April 1, 2020; the Public Defender Service's Partial Reply to U.S. Government's Response to PDS Emergency Motion, filed on April 1, 2020; the USAO's Supplemental Response to PDS Emergency Motion, filed on April 3, 2020; the PDS's Reply to the U.S. Government's April 1, 2020 Response to PDS Motion, filed April 3, 2020; Motion for Leave for the Network for Victim Recovery of DC to File a Brief as *Amicus Curiae*, filed on April 3, 2020; PDS's Combined Reply to U.S. Government's April 3, 2020 Supplemental Response to Emergency Motion for Order to Show Cause and Response to Amicus Submission from NVRDC and NCVLI, filed on April 6, 2020; and PDS's Combined Reply to OAG's Opposition to Emergency Motion for Order to Show Cause, Supplement Apprising the Court of the Worsening Situation in DOC Facilities, and Request for Immediate Disposition of all Cases Currently Awaiting Court Action on a Reduction of Misdemeanor Sentence, filed April 7, 2020.

   At the time of PDS' initial filing two weeks ago, the Department of Corrections reported 94 individuals at the D.C. Jail serving misdemeanor sentences. As of today, that number has been reduced to nine individuals, with one additional individual completing a sentence at Fairview Halfway House; a reduction of almost 90%.

   This reduction in numbers is the result of a combination of efforts, many of which were underway prior to the filing of the motion. The D.C. Superior Court Criminal and Domestic Violence Divisions had already begun an expedited review of all pending D.C. Super. Ct. Crim. R. 35 motions. The Court has continued to rule expeditiously on Rule 35 motions, as well as to take *sua sponte* action to reduce sentence where appropriate, as authorized by Rule 35(b)(2). Other individuals were released due to the natural expiration of their sentence, or as a result of

the award of additional good time credits following the D.C. Council's passage of the COVID-19 Response Emergency Amendment Act of 2020.

With respect to eight of the nine individuals currently serving misdemeanor sentences at the D.C. Jail, the Court has denied motions for sentence reduction on the merits based upon the appropriateness of the original sentence, the danger the defendant poses to the safety of the community, the impact on the victim, and all other relevant factors.[1]  No motion for sentence reduction has been filed on behalf of the ninth individual and the Court declines to grant *sua sponte* relief given the nature of the charges and criminal history of the defendant.

WHEREFORE, upon consideration of the foregoing, the Court hereby ORDERS that the Public Defender Service's Emergency Motion for Order to Show Cause Why Persons Serving Misdemeanor Sentences at the Department of Corrections Central Detention Facility and Correctional Treatment Facility Should Not Be Released is DENIED AS MOOT; [2] and it is

FURTHER ORDERED, that the Motion for Leave for the Network for Victim Recovery of DC to File a Brief as *Amicus Curiae* is DENIED AS MOOT.[3]

SO ORDERED this 14th day of April, 2020.

_____
Judge Juliet J. McKenna
Presiding Judge, Criminal Division

---

[1] Some of these individuals have multiple convictions for Driving Under the Influence, others have been convicted of sexual offenses involving minors or repeated domestic violence assaults against the same victim.  Many of these individuals have a history of noncompliance with conditions of release.

[2] In light of the Court's determination to deny the motion as moot, it declines to reach the other arguments advanced by USAO and OAG in opposition to the motion.  In addition to the persuasive arguments put forth that PDS lacks both constitutional and prudential standing, D.C. Code § 2-1602 does not authorize the Public Defender Service to represent individuals in misdemeanor cases.

[3] The Court's March 31, 2020 order directing a response from USAO and OAG required both agencies to certify whether it had made efforts consistent with its obligations pursuant to D.C. Code § 23-1902 *Notice to crime victims* and 18 U.S.C. § 3771.

Copies to:

Avis Buchanan, Director
Public Defender Service for the District of Columbia

Timothy Shea, United States Attorney for the District of Columbia
United States Attorney's Office for the District of Columbia

Karl Racine, Attorney General for the District of Columbia
Office of the Attorney General for the District of Columbia

Betty Ballester, President
Superior Court Trial Lawyers Division