UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD BANKS, *et al.*,<br>            *Plaintiffs*,<br>v.<br>QUINCY BOOTH, *et al.*,<br>            *Defendants*. | Civil Action No. 20-0849 (CKK) |

**RESPONSE OF THE UNITED STATES TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO THE <u>DISTRICT OF COLUMBIA'S MOTION TO JOIN THE UNITED STATES</u>**

Plaintiffs now acknowledge that the immediate-custodian rule (the principal basis for their opposition) does not bar adding the United States as a party to this action. This concession leaves Plaintiffs with no legal basis to oppose the District of Columbia's joinder motion. As both the District of the Columbia and the United States have explained, the United States has a substantial and unique interest in the process and outcome of this litigation insofar as Plaintiffs seek the release of some amount of persons confined in the D.C. Jail. The vast majority of those persons are detained under the authority of the United States (not the District of Columbia) and ordering the release of a significant number of them would affect criminal proceedings to which the United States is a party and the prosecutorial policies of the federal government. To give the United States an opportunity to represent its interests and to provide the Court with arguments and information bearing on Plaintiff's request for a release of inmates, the District of Columbia sought to add the United States as a party to this case, and the United States does not oppose that motion.

Plaintiffs originally opposed the District's motion not by claiming that the United States lacks an interest sufficient to justify joinder, but by insisting that the United States is barred from representing those interests because Plaintiffs were choosing to seek release only insofar as their pleading constitutes a petition for writs of habeas corpus and not insofar as it brings a civil action

(though this purported dichotomy is not reflected in the complaint). Because Plaintiffs sought release only through habeas and the proper respondent in habeas is the immediate custodian of the petitioner, Plaintiffs reasoned that they could block the United States from participating in this case. But Plaintiffs now admit that the premise of that argument is wrong. The United States is not barred by the immediate-custodian rule, because, like personal jurisdiction, it can be waived, and the United States in this instance has not opposed being made a party to Plaintiffs' habeas claims. *See* Pls.' Supp. Br. at 1–2 (citing *Lane v. United States*, No. 14-0731, 2015 WL 6406398 (D.D.C. Oct. 21, 2015)).

Plaintiffs nevertheless insist that the United States and its views should be excluded from these proceedings because, they assert, the United States is generally not a necessary party in habeas proceedings. But their argument is lacking in any reasoned analysis of the facts and circumstances of this particular case. Both the District of Columbia and the United States have described the substantial interest of the United States in this case insofar as Plaintiffs seek the large-scale release of persons who are facing or have been convicted of criminal charges brought and prosecuted by the United States. *See* D.C.'s Br. at 4–5, ECF No. 44-1; Resp. of U.S. at 1, ECF No. 46; D.C.'s Reply Br. at 6, ECF No. 54. Plaintiffs have not attempted to argue that those interests are insufficient to justify joinder. Instead, forced to concede their attempt to bar the United States under the immediate-custodian rule, they now insist as a categorical matter that the United States is not a necessary party in *any* habeas proceedings. But the joinder analysis must be case-specific, not categorical. *See Kickapoo Tribe of Indians of Kickapoo Reservation in Kansas v. Babbitt*, 43 F.3d 1491, 1495 (D.C. Cir. 1995) (holding that a joinder motion "calls for a pragmatic decision based on practical considerations in the context of particular litigation"); *see also Republic of Philippines v. Pimentel*, 553 U.S. 851, 862–63 (2008) ("The design of [ ] Rule [19]

. . . indicates that the determination whether to proceed will turn upon factors that are case specific, which is consistent with a Rule based on equitable considerations."). And this particular case presents circumstances that are a far cry from the single-petitioner habeas cases cited by Plaintiff. Plaintiffs in this case seek to certify a class of persons detained at the D.C. Jail (most on the authority of the United States) and to obtain the release of some proportion of those persons. Because such large-scale relief would impact the policies and procedures of the United States and would implicate the substantial interests of the United States, the United States may be joined as a party. *See Lewis v. Gov't of Dist. of Columbia*, 324 F.R.D. 296, 304 (D.D.C. 2018).[1] Moreover, Plaintiffs fail to acknowledge that federal parties have indeed served as co-respondents even in one-off habeas proceedings seeking the release of a single petitioner from the D.C. Jail. *See, e.g., Fields v. Smith*, No. 14-1629, 2016 WL 29250 (D.D.C. Jan. 4, 2016) (U.S. Parole Commission and Attorney General named as respondents); *Williams v. Warden, Central Detention Facility*, 538 F. Supp. 2d 74 (D.D.C. 2008) (U.S. Attorney's Office named as respondent). And in each of these cases, the United States Attorney's Office responded to the petitions.

In sum, Plaintiffs offer no case-specific reason why the United States should not be permitted to represent its interests in this particular proceeding, and (contrary to Plaintiffs' implication) the United States can and has participated in other habeas cases seeking release form the D.C. Jail.

*   *   *

---

[1] Plaintiffs previously sought to distinguish *Lewis* by claiming that it was a civil action while this case presents a habeas petition in which the United States could not be joined due to the immediate-custodian rule. *See* Pls.' Opp. Br. at 6. Given that Plaintiffs have now conceded that the immediate-custodian rule is no bar to joinder, that is now a distinction without a difference.

| | |
|---|---|
| Dated: April 27, 2020 | Respectfully submitted, |
| | TIMOTHY J. SHEA, D.C. Bar #437437<br>United States Attorney |
| | DANIEL F. VAN HORN, D.C. Bar #924092<br>Chief, Civil Division |
| | By:   /s/ Johnny Walker<br>JOHNNY H. WALKER, D.C. Bar #991325<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, District of Columbia 20530<br>Telephone: 202 252 2575<br>Email: johnny.walker@usdoj.gov |
| | *Counsel for the United States* |