**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDWARD BANKS, et al.,<br>    Plaintiffs<br>v.<br>QUINCY L. BOOTH, *et al.*,<br>    Defendants | Civil Action No. 20-849(CKK) |

**MEMORANDUM OPINION**
(May 1, 2020)

Defendants have moved to join the United States as a necessary party to this action pursuant to Federal Rule of Civil Procedure 19. The United States has similarly requested joinder, arguing that it has an interest in this case due to the potential for the release of inmates who are under the authority of the United States Attorney General's office. Upon consideration of the pleadings, [1] the relevant legal authorities, and the record for purposes of this motion, the Court GRANTS Defendants' Motion. The Court finds that, absent joiner, the United States would be unable to protect its interests and Defendants could be subject to inconsistent obligations. However, as explained below, the United States' joinder in this case is limited to

---

[1] The Court's consideration has focused on the following documents:
- Defs.' Mot. to Join the U.S. as a Necessary Party ("Defs.' Mot."), ECF No. 44;
- Res. by U.S. to D.C. Defs.' Mot. to Join the U.S. as a Necessary Party ("U.S. Res."), ECF No. 46;
- Pls.' Opp'n to Defs.' Mot. to Join U.S. as a Necessary Party ("Pls.' Opp'n"), ECF No. 52;
- Defs.' Reply in Support of Mot. to Join the U.S. as a Necessary Party ("Defs.' Reply"), ECF No. 54;
- Supp. to Pls.' Opp'n to Defs.' Mot. for Joinder ("Pls.' Supp."), ECF No. 58;
- Defs.' Supp. Res. in Support of Mot. to Join the U.S. as a Necessary Party ("Defs.' Supp. Res."), ECF No. 60; and
- Res. of the U.S. to Pls.' Supp. Mem. in Opp'n to D.C.'s Mot. to Join U.S. ("U.S. Supp. Res."), ECF No. 61.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  See LCvR 7(f).

1

issues involving the release of inmates under Plaintiffs' claims for writs of habeas corpus in light of the unprecedented circumstances of this case as it relates to the COVID-19 pandemic.[2]

## I.     Interest Limited to Plaintiffs' Habeas Claims

To begin, the Court notes the limits of the United States' interest in this matter. The United States has acknowledged that it "does not operate or have authority over the District of Columbia Central Detention Facility and Correctional Treatment Facility …, and so cannot address or alter inmates' conditions of confinement." ECF No. 46, 1. Instead, the United States' sole interest in this case is the potential that the Court could "release a significant number of the individuals currently confined in the D.C. Jail." *Id.* Specifically, pursuant to writs of habeas corpus, Plaintiffs request that Defendants "[i]immediately take all actions within their power to reduce the inmate population of the D.C. Jail and CTF." Compl., ECF No. 1, Relief Requested. The Court notes that it has not ordered the release of any inmates at this time and offers no opinion as to whether or not such relief will be granted in the future.

This restriction on the United States' interest to Plaintiffs' habeas claims is important. During the April 22, 2020 teleconference, Plaintiffs indicated that they request release of inmates under only the federal habeas statute, not under 42 U.S.C. § 1983. April 22, 2020 Tr., ECF No. 57, 20: 11-14. As such, the United States' potential role as a party in this matter is restricted to Plaintiffs' habeas claims for release and does not extend to Plaintiffs' claims under § 1983 relating to the conditions of their confinement.

---

[2] The Court notes that the United States filed a Motion for Leave to File a Reply to Plaintiffs' Opposition to Defendants' Motion to Join the United States as a Party which was opposed by Plaintiffs. ECF Nos. 55, 56. However, the Court need not resolve this Motion because, even absent the arguments in the United States' Reply, the Court finds that joinder is appropriate.

Because the United States' sole interest in this case relates to Plaintiffs' habeas claims, Plaintiffs argue that the United States cannot be a necessary party. The federal habeas statute states that an application for a writ of habeas corpus "shall ... name ... the person who has custody over" the petitioner and that the writ "shall be directed to the person having custody of the person detained." 28 U.S.C. §§ 2242, 2243. According to Plaintiffs, in a habeas case, the only proper respondent is the immediate custodian of the inmate, in this case the Warden of the District of Columbia Department of Corrections ("DOC"). As a general matter, Plaintiffs are correct that the immediate custodian of an inmate is the proper respondent to a habeas claim. *See, e.g., Nken v. Napolitano*, 607 F. Supp. 2d 149, 154 (D.D.C. 2009) (finding the warden of the Maryland facility where the petitioner was detained to be the proper respondent); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"); *Day v. Trump*, 860 F.3d 686, 689 (D.C. Cir. 2017) (explaining that the proper respondent in the petitioner's case was the warden of the United States Penitentiary in Terre Haute, Indiana, not the President of the United States).

However, this case is different from those cited by Plaintiffs in a crucial respect. In this case, the United States has asked to be joined as a party and has urged the importance of its joinder. ECF No. 46. That the United States has requested joinder is critical because the immediate custodian rule can be waived.

In *Lane v. United States*, No. 14-cv731 (RDM), 2015 WL 6406398 (D.D.C. Oct. 21, 2015), a pro se petitioner filed a habeas action and named as the defendant the United States, not the warden of the federal penitentiary at which the petitioner was detained. In refusing to dismiss the United States based on the immediate custodian rule, the court was guided by the

concurrence in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). 2015 WL 6406398, at * 3. The concurrence, clarifying the position of two of the five Justices voting with the majority, explained that the immediate custodian rule is "not jurisdictional in the sense of a limitation on subject-matter jurisdiction," and that the rule "can be waived by the Government." *Padilla*, 542 U.S. at 451-52 (Kennedy, J., concurring). The *Lane* court went on to explain that United States was "fully capable of granting the requested relief" and had waived objection by responding "to the petition without invoking the immediate-custodian rule." 2015 WL 6406398 at * 3.

The Court further notes that, as a matter of practice, the United States responds to claims for habeas relief from at least some inmates in custody of the DOC, even when the DOC warden is the named defendant. *See Williams v. Warden, Central Detention Facility*, 538 F. Supp. 2d 74, 75 n.1 (D.D.C. 2008) (U.S. Attorney's Office responded to the habeas petition of pretrial detainee at D.C. Jail); *Fields v. Smith*, No. 14-1629, 2016 WL 29250 (D.D.C. Jan. 4, 2016) (U.S. Parole Commissioner and Attorney General responded to habeas petition of detainee at D.C. jail).

Here, the United States has done more than waive the immediate custodian rule. The United States is actively seeking to be joined in this case. As such, the Court finds that the fact that the relevant claims are habeas claims does not pose a categorical bar to joinder. Instead, the Court must conduct the traditional joinder analysis to determine if joinder is proper.

**II.    Standard for Joinder**

Defendants move to join the United States as a necessary party pursuant to Federal Rule of Civil Procedure 19. Rule 19 "establishes a two-step procedure for determining whether an action must be dismissed because of the absence of a party needed for a just adjudication." *Cherokee Nation of Okla. v. Babbitt*, 117 F.3d 1489, 1495-96 (D.C. Cir. 1997). First, the Court

must apply the factors enumerated in Rule 19(a) to determine whether the absent party is "required" to be joined. Rule 19(a) provides, in relevant part, that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if … (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). If the court finds that a "required" person has not been joined, it "must order that the person be made a party." Fed. R. Civ. P. 19(a)(2).

If a necessary party cannot be joined, the court must turn to the second step, examining the factors enumerated in Rule 19(b) to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). "The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b)(1)-(4). A court has "substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations in deciding whether the action should go forward in the absence of someone needed for a complete adjudication of the dispute." *Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Wash.*, 699 F.2d 1274, 1277 (D.C. Cir. 1983) (citation omitted).

Questions of joinder under Rule 19 "can be complex, and determinations are case specific." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 863 (2008). There is no dispute that the United States is subject to service of process and that its joinder will not deprive this Court of subject matter jurisdiction. As such, the Court moves to the first consideration for joinder of a necessary party. The relevant question is will disposing of Plaintiffs' habeas claims in the absence of the United States impair the United States' ability to protect its interests.

### III.     The United States' Interests

In assessing whether or not the United States will be able to protect its interests absent joinder, the Court stresses the unique posture of the District of Columbia. In the District of Columbia, the Office of the Attorney General for the District of Columbia is responsible for prosecuting only a small number of misdemeanor crimes. D.C. Code 23-101(a),(b). For all other crimes, prosecutions are "conducted in the name of the United States by the United States attorney for the District of Columbia or his assistants." D.C. Code 23-101(c). As of April 15, 2020, there were 1,442 inmates detained by the DOC. Of those 1,442 inmates, all but 42 were in custody related to proceedings involving the United States. Dec. of Reena Chakraborty, ECF No. 44-3, ¶ 6, These 1,400 inmates detained in relation to United States' proceedings include pre-trial and pre-sentencing cases brought by federal prosecutors, sentenced detainees, detainees awaiting parole hearings with the United States Parole Commission, and those transported to the District of Columbia to face legal proceedings while serving sentences in other jurisdictions. Granting Plaintiffs' request for habeas release would therefore primarily affect proceedings led by the United States.

Absence from this case would impair the United States' ability to protect its interests in these detainees as well as in future prosecutions and sentencings. Fed. R. Civ. P. 19(a)(1)(B)(i).

Any large-scale release of inmates would require an analysis of the traditional factors considered for release—the inmate's fitness for confinement and the danger to the community in the case of release. If absent, the United States would not necessarily be able to state its opinions as to these factors for the various inmates. The United States regularly considers these factors when determining whether to seek detention or to oppose a motion for release, and its experience in these matters could be of use to the Court. In fact, the United States Attorney's Office has already participated in the process for releasing misdemeanants held by the DOC. *In re Sentenced Misdemeanants*, 2020 CNC 000120 (Super. Ct. of D.C. March 31, 2020). The United States could also provide the Court with information as to other potential avenues for release and any steps that the United States is already taking to reduce the inmate population.

In finding that the United States has an interest in the release of inmates held by the DOC, the Court considers *Lewis v. Government of the District of Columbia*, 324 F.R.D. 296 (D.D.C. 2018). In *Lewis*, the court found that the United States was a required party to a lawsuit challenging *Gerstein* probable cause procedures used in the Superior Court for the District of Columbia. 324 F.R.D. at 301-03. The court explained that the United States had an interest in the case because a ruling finding the procedures unconstitutional would impact the operations of the United States Attorney's office because the United States Attorney prosecutes nearly all local crimes in the District of Columbia. 324 F.R.D. at 303. While *Lewis* involved civil claims rather than habeas claims, the Court notes that the primary role of the United States Attorney's office in prosecuting crimes in the District of Columbia gives the United States an interest in cases, such as this, which could affect those prosecutions and sentencings.

Additionally, the United States has an interest in certain legal issues raised by Plaintiffs' habeas motion. For example, as litigation progresses, there may be a dispute as to whether or not

certain inmates can seek habeas relief in federal court if they still have available remedies in the Superior Court for the District of Columbia. As the prosecuting authority in the majority of cases, the United States has an interest in the resolution of this question. Additionally, if some inmates are released early to transitional release or home confinement, the United States has an interest in the interpretation of 18 U.S.C. § 3624(c), which regulates these programs.

Plaintiffs contend that the United States does not have an interest in this case. Specifically, Plaintiffs argue that if the United States is deemed a necessary party by virtue of exercising legal control over the inmates in DOC custody, the United States would become a necessary party in all habeas petitions brought by those convicted in the Superior Court for the District of Columbia and detained in federal facilities throughout the country. *See Gon v. District of Columbia Office of the Attorney General*, 825 F. Supp. 2d 271, 276 n.3 (D.D.C. 2011) (explaining that if the court recognized "the availability of concurrent jurisdiction in habeas proceedings based on the source of the original order of detention … it would fundamentally alter the landscape of habeas litigation and facilitate unprecedented and unseemly forum shopping by D.C. prisoners housed in institutions all over the country").

The Court finds that Plaintiffs overstate the risk that granting joinder in this case will result in the United States becoming a necessary party in every habeas case. First, this case is unique in that the United States has not only waived the immediate custodian rule but has also asked that it be joined in this lawsuit. Neither party has cited another habeas case in which the United States asked that it be joined. Second, this case involves the potential for the mass release of inmates from DOC custody. As such, this case is distinguishable from the quotidian habeas cases which involve the release of individual inmates. Third, the unprecedented nature of the current global health pandemic cannot be overstated. The COVID-19 pandemic strengthens the

United States' interest in ensuring that both inmates and the greater community remain safe. Additionally, the pandemic creates exigent circumstances in which the Court may benefit from the United States' experience in assessing the factors for release and in tapping other avenues for release such as the United States Parole Commission, the federal Bureau of Prisons, and the United States Marshals Service.

### IV.     Likelihood of Inconsistent Obligations

Having determined that the United States is unlikely to be able to protect its interests absent joinder, the Court next considers whether or not the exclusion of the United States would leave the existing parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B)(ii).

The Court finds that, absent joinder of the United States, the existing Defendants could be subject to a substantial risk of incurring inconsistent objectives. The DOC has certain legal responsibilities to the United States because many of those detained remain under the authority of the United States Attorney General. Additionally, the DOC detains some individuals for federal proceedings pursuant to intergovernmental agreements between the District of Columbia and the United States which could result in competing obligations. Defendants specifically cite to a regulation which establishes guidelines and reimbursement for the DOC's detention and transport of federal inmates. *See* DOC Policy & Procedure 2120.2D (eff. May 7, 2015), available online at https://doc.dc.gov/sites/default/files/dc/sites/doc/publication/attachments/ PP%202120.2D%20DOC%20Reimbursement%20for%20Federal%20Prisoners%2005-07- 2015.pdf. A court-ordered mass release of inmates could affect Defendants' obligations under these guidelines, such as the requirement that the DOC provide housing and medical costs for

sentenced felons until the Federal Bureau of Prisons designates the inmate for a different placement.

## V.     Conclusion

In summary, the Court finds that there is sufficient reason to consider the United States a necessary party to this action because, absent joiner, the United States would be unable to protect its interests and Defendants could be subject to inconsistent obligations. However, the Court cautions that the United States' joinder in this case is limited to issues involving the release of inmates under Plaintiffs' habeas claims. The Court further cautions that this case has little precedential effect for future habeas claims. This case is unique because the United States has requested joinder, the habeas claim relates to the mass release of inmates—the majority of whom are under the direct authority of the United States, and there is a need for quick and efficient action due to the threat of the ongoing COVID-19 pandemic. The Court's ruling on this Motion should not be seen as providing support for the proposition that the United States should be joined in any other habeas cases.

An appropriate Order accompanies this Memorandum Opinion.

                                                        /s/
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge