UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDWARD BANKS**, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**QUINCY BOOTH**, *et al.*,<br><br>*Defendants*. | **Civil Action No. 20-0849 (CKK)** |

## CONSENT ORDER

Pursuant to Fed. R. Civ. P. 26(c) and it appearing that discovery will involve the disclosure of Confidential Information, IT IS STIPULATED AND ORDERED that:

**I.   Confidential Information**

A. <u>Information Subject to This Protective Order:</u> The following categories of information produced by a party or non-party may be designated as CONFIDENTIAL under this Protective Order:

    i.    personal information, including, but not limited to, an individual's home address, telephone number, date of birth, social security number, medical records, and all personal information that pertains to the financial affairs and health (physical or mental) of the plaintiffs and members of the putative class, and/or any other personal information unique to such individual;

    ii.    information protected by or specifically prohibited from release by statute or regulation;

    iii.    non-public records relating to defendants' emergency operations, security protocols, or other sensitive policies and procedures;

    iv.    video footage recorded in Department of Corrections (DOC) facilities revealing the identities of residents or other persons, including DOC staff; and

      v.      other information that a producing party reasonably and in good faith determines should be subject to the terms of this Protective Order.

B. Parties and non-parties to this litigation can designate documents or information that that they have produced as CONFIDENTIAL within the meaning of this Protective Order.

C. As set forth below, information and things that are stamped or marked "CONFIDENTIAL" and meet the definition of material that falls within the definition of Section I.A shall not be disclosed by any party for any purpose other than discovery, trial, and any appeals in this action.

## II.   Timing and Classification of Confidential Information

A. <u>Marking of Documents of Things</u>

      i.      Any party wishing to designate information as CONFIDENTIAL INFORMATION shall at the time of production stamp or otherwise mark the produced document or other thing with the word "CONFIDENTIAL." Electronic files may be designated CONFIDENTIAL by including the word "CONFIDENTIAL" in the electronic file name.

      ii.      Any party wishing to designate information provided by another party or a non-party as CONFIDENTIAL shall submit to the other parties, within twenty business days following production or disclosure, a written designation of the documents or things containing such information. During the twenty business days following production by a party, or non-party, all such documents and things shall be deemed to contain and/or constitute CONFIDENTIAL INFORMATION.

      iii.      The parties shall make a good-faith effort to designate CONFIDENTIAL INFORMATION properly and with the appropriate classification at the time of production. However, inadvertent or unintentional disclosure by any party of CONFIDENTIAL INFORMATION without the appropriate classification, regardless of whether the CONFIDENTIAL INFORMATION was designated at the time of disclosure, shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or information, and the parties shall, upon notice, treat such CONFIDENTIAL INFORMATION according to

the correct designation and classification. A receiving party shall make a good faith effort to locate and mark appropriately any CONFIDENTIAL INFORMATION upon receipt of such notice.

**III.    Handling of Confidential Information**

A. All CONFIDENTIAL INFORMATION shall be treated during this action, including appeal, as proprietary and shall be disclosed or provided only to: (1) counsel who are attorneys of record (including such counsel's partners, shareholders, associates, associated counsel, paralegal, interns, secretarial, technical, and clerical personnel); (2) experts employed by such counsel for consultation or to render expert reports under Fed. R. Civ. P. 26(a)(2) (and the secretarial and clerical personnel of such experts); (3) technical consultants or vendors and all related staff retained to handle discovery including but not limited to electronic discovery; (4) court personnel, certified court reporters, and the parties' respective copy vendors and other litigation support vendors; and (5) witnesses at deposition, hearing, or trial. Any information designated "CONFIDENTIAL" by the producing party shall be treated as proprietary and shall not be used or disclosed by any receiving party for any purpose, other than as specified during discovery, trial, and/or any appeal in this action.

B.  Information

Individuals who receive CONFIDENTIAL INFORMATION under Section III.A(2) under this Protective Order shall sign a statement acknowledging their agreement to the terms of this Protective Order in the form of Exhibit A.

**IV.    Challenges to Confidentiality Designations**

A. If any party disagrees at any stage with the designation of any information as CONFIDENTIAL, the parties shall first try to resolve the dispute in good faith informally. Any receiving party may request that the producing or designating party withdraw the

CONFIDENTIAL designation regarding any information. Any such request shall be made in writing, served on counsel for the producing or designating party, and shall identify: (a) the CONFIDENTIAL INFORMATION that the receiving party contends is improperly designated; and (b) the basis for the receiving party's objection(s) to the designation.

      B. If the parties cannot resolve their dispute informally, the receiving party may object to the designation by motion before the Court. The burden of proving the confidentiality of the designated information shall be borne by the party that produced the information and/or designated it CONFIDENTIAL. If a motion should be filed, the initial CONFIDENTIAL designation shall remain in place until the Court has ruled on such motion and thereafter shall be governed by the Court's ruling. If the parties cannot resolve their dispute informally, and a party elects to file no motion with the Court, the initial CONFIDENTIAL designation shall remain in place.

      C. The acceptance by any party of any information designated CONFIDENTIAL shall not constitute evidence, an admission, or a concession that the information is confidential or proprietary.

**V.**     **Confidential Information at Depositions**

      A. Other than Court personnel and Court reporters, only the parties, counsel of record for the parties, the witness (including his or her attorney), and experts who have signed the Exhibit A agreement may be present at any examination concerning CONFIDENTIAL INFORMATION of another party or a third party.

      B. All deposition transcripts, exhibits, or information disclosed during a deposition shall be treated as CONFIDENTIAL INFORMATION subject to the Protective Order for twenty business days after receipt of each of the transcripts. During that time, any party may designate any part of such material as CONFIDENTIAL by notifying all other parties

in writing of such designation. Notwithstanding the passage of twenty business days, if opposing counsel has not disseminated information subject to this Protective Order, the right to so designate shall remain, subject to challenge. If such a challenge is made, the party allowing the twenty business days to pass shall have to show that the information has not become part of the public domain.

    C. Deposition transcripts, testimony, or exhibits designated as CONFIDENTIAL shall only be disclosed to the named parties, their counsel of record, their experts who have signed the Exhibit A agreement, the Court and its personnel, and the court reporter. No third party shall be allowed access to any deposition transcript, testimony, or exhibit designated as CONFIDENTIAL unless he or she first executes the declaration attached as Exhibit A, acknowledging and agreeing to be bound by the terms of this Protective Order.

## VI.    Confidential Information in Court Filings

    A. Information designated as "CONFIDENTIAL" under this Protective Order that meets the definition of Section I.A does not lose its designation if that information is subsequently filed with the Court by any designating party, non-designating party, or a third party, whether that submission is made by written motion, pleading, memorandum, or any other submission to the court, including, without limitation, any demonstrative, attachment, transcript, appendix, and/or exhibit submitted to the Court.

    B. All transcripts, depositions, exhibits, answers to interrogatories, and other information previously designated CONFIDENTIAL under this Protective Order and filed with the Court in accordance with Fed. R. Civ. P. 5.2(d) by any party or third party, or any pleading, memorandum or other submission to the Court purporting to discuss, reproduce, summarize, or paraphrase any such CONFIDENTIAL INFORMATION, shall be filed electronically under seal or, if filed in paper format, in sealed envelopes or other

appropriate sealed containers pursuant to LCvR 5.1(h) and Part II.H. of the Clerk's Office General Information and Civil Filing Procedures. All such filings shall include the caption of this litigation, an indication of the nature of the contents, the words "CONFIDENTIAL" and "DOCUMENTS SUBJECT TO PROTECTIVE ORDER," and a statement in substantially the following form: "This envelope, containing documents that are filed in this case by (name or party), is not to be opened, nor are the contents to be displayed or revealed, except by order of the Court or consent of all the parties."

**VII.**   **Use of Confidential Information in Open Court**

A. CONFIDENTIAL INFORMATION does not lose its designation as such if that information is subsequently offered during a hearing, at trial, or otherwise in open court by any party or a third party, whether elicited or presented through argument and/or objection in open court, statement to the jury, direct examination, cross-examination and/or redirect examination, or through any demonstrative, attachment, transcript, appendix, and/or exhibit offered in open court.

B. The use of CONFIDENTIAL INFORMATION during a hearing, at trial, or otherwise in open court shall be subject to such protection as the Court shall determine. Nothing in this Protective Order shall be deemed a waiver of any right to object on any ground to the admission in evidence of any CONFIDENTIAL INFORMATION. A party that intends to introduce its own CONFIDENTIAL INFORMATION at a hearing or trial shall be responsible for taking appropriate measures with the Court to maintain its confidentiality. If a party intends to introduce an opponent's CONFIDENTIAL INFORMATION, it shall notify the opponent before it intends to introduce the opponent's CONFIDENTIAL INFORMATION. If the opponent desires to maintain the confidentiality

of its material, it shall be responsible for taking appropriate measures to maintain its confidentiality.

### VIII.  Exclusion of Public Domain Information

A. Nothing in this Protective Order shall preclude any party to the lawsuit, a party's attorney, or any other person from disclosing or using, in any manner or for any purpose, any information in the public domain if such information is lawfully obtained from another source such as a third party having the right to disclose such information**.**

### IX.  Non-Waiver of Privileges and Objections

A.  Nothing in this Protective Order shall be construed to require the production of CONFIDENTIAL INFORMATION privileged or otherwise protected from disclosure (Protected Material). The entry of this Protective Order shall not constitute a waiver by any party of any objection to the disclosure or production of any information or material during discovery.

B.  Nothing in this Protective Order shall be construed to mean that the production of CONFIDENTIAL INFORMATION (in whole or in part) constitutes either: (i) an admission by any party that the produced information is relevant, authentic, or properly produced, or (ii) a waiver of any right properly to withhold from production any other document.

C.  Nothing in this Protective Order shall prevent any person from asserting the attorney-client privilege, the work-product doctrine, or any privilege or immunity as to any discovery, including any discovery that may have been inadvertently produced.

D.  The production or disclosure of any Protected Material, including attorney-client privileged, attorney work product, or other protected document or information medium shall not be deemed a waiver of the privilege, work product, or other protection

or immunity from discovery by the producing party in this or any subsequent state or federal proceeding under Federal Rule of Evidence 502, regardless of the circumstances of disclosure. If any party should learn of the production or disclosure of Protected Material by any other party, the receiving party shall provide written notice of such production or disclosure within three days and immediately return or destroy the Protected Material. Nothing shall be construed to prevent the party returning the disclosed Protected Material from seeking production of any documents under the Federal Rules of Civil Procedure.

## X.    **Miscellaneous**

A. Nothing in this Protective Order shall be construed as limiting or otherwise restricting a party's use of its own CONFIDENTIAL INFORMATION for any purpose.

B. This Protective Order shall survive the final termination of this litigation and shall continue to apply to all CONFIDENTIAL INFORMATION that has not properly become a matter of public record. Following final termination of this litigation, this Court shall retain jurisdiction over the parties and all persons who received access to CONFIDENTIAL INFORMATION under the terms of this Protective Order until the conclusion of this litigation, including any appeals.

C. This Protective Order shall be binding upon the parties, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors, and other persons or organizations over which they have control.

D. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to the attorney's party-clients regarding this action, and in the representation, relying upon an examination of CONFIDENTIAL INFORMATION;

provided, however, that in rendering such advice and in otherwise communicating with the party-clients, the attorney shall not disclose the proprietary substance of any CONFIDENTIAL INFORMATION nor the source of any CONFIDENTIAL INFORMATION to anyone not authorized to receive such documents, things, materials, or information under the terms of this Protective Order.

E. Within thirty days after the final termination of this action, including all appeals, and unless otherwise required by law, the attorneys for each party shall assemble and return to the opposing party all CONFIDENTIAL INFORMATION produced by the opposing party or shall destroy all copies which respective parties have in their possession, custody, or control and inform the opposing party that they have done so. The attorneys for the parties may retain all pleadings and litigation documents, including exhibits and their own memoranda, containing CONFIDENTIAL INFORMATION but such litigation documents and memoranda shall be used only to preserve a file on this action, and shall not without the written permission of the opposing party or an Order of this Court, be disclosed to anyone other than the outside attorneys to whom such information was disclosed, under this Protective Order during this action until the conclusion of this litigation, including any appeals.

F. In the event that a party seeks discovery from a third party to this action, that third party may invoke the terms of this Protective Order in writing to all parties to this suit and produce any such discovery in accordance with, and subject to the terms of this Order.

APPROVED AND SO ORDERED this 7th day of May, 2020.

_____/S/_____
THE HONORABLE COLLEEN KOLLAR-KOTELLY
United States District Court for the District of Columbia