**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | | |
|---|---|---|
| EDWARD BANKS, et al., | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 20-00849 (CKK) |
| | : | |
| v. | : | |
| | : | |
| QUINCY BOOTH, et al., | : | |
| | : | |
| Defendants. | : | |

**FRATERNAL ORDER OF POLICE FOR THE DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS LABOR COMMITTEE'S MEMORANDUM OF
POINTS AND AUTHORITIES AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS**

The Fraternal Order of Police for the District of Columbia Department of Corrections

Labor Committee (FOP/DOC), through its attorneys with HANNON LAW GROUP, LLC,

respectfully present this memorandum as *amicus curiae* in support of the position of Plaintiffs.

**BACKGROUND**

On May 15, 2020, Jaimie Meyer, M.D., expert witness for the Plaintiffs in the above

captioned case, submitted a declaration to the Court on behalf of Plaintiffs opining that facility-

wide testing would benefit not only the individual tested but also the population as a whole in the

facility.  On May 18, 2020, this Court issued a minute order directing the DOC to explain its

position on testing "all inmates currently detained."  Dr. Meyers is also a consultant to the

FOP/DOC.  We now ask the Court to consider the additional points presented here and in the

Second Supplemental Declaration of Dr. Meyer's, attached.  The FOP/DOC has been advocating

mandatory and universal testing to the DOC since early in this pandemic.

**ARGUMENT**

The FOP/DOC believes that DOC should adopt best practices which are designed from

objective scientific principles.  As the Court is aware, some congregate settings such as jails,

detention facilities, and nursing homes have failed to control COVID-19 infections.

Facilities across the country who have failed to control COVID-19 in their populations are now recognizing the necessity of universal testing as an effective tool to re-set the clinical picture. Universal testing has identified in alarming numbers infected but asymptomatic persons in facilities that employ them. As recently discussed in a *The Marshall Project* article, many facilities across the country are only testing those who develop symptoms, or are not testing other individuals inside the jail who may be positive but go undetected, like Correctional Officers or prison guards. *See* Cary Aspinwall & Joseph Neff, *These Prison are Doing Mass testing for COVID-19 – And Finding Mass Infections*, THE MARSHALL PROJECT (Apr. 24, 2020), attached as Exhibit 1. This is problematic because symptom-based testing protocols will overlook asymptomatic individuals who are contagious and contribute to community spread. See *id.*

Universal testing is desirable for the D.C. Jail in its current situation. With this *amicus curiae* brief, Dr. Jamie Meyer has offered a Second Supplemental Declaration opining that the D.C. Jail would benefit from universal testing. Dr. Meyer opines that there would be inadequate data to assess all of the potential sources of transmission of COVID-19 unless staff and Correctional Officers are tested as well. Meyer Decl. ¶ 5, attached as Exhibit 2. Current DOC policy of requesting staff members to seek testing through their primary care physician is an impediment to a timely understanding of the disease in the jail. *Id.* at ¶ 6. Dr. Meyer further opines that universal testing at the D.C. Jail and re-testing on a regular basis would allow the DOC to more effectively manage containment efforts at the facility.

Dated: May 22, 2020

Respectfully submitted,

HANNON LAW GROUP, LLP

*/s/ J. Michael Hannon*

J. Michael Hannon, D.C. Bar #352526
333 8th Street, N.E.
Washington, D.C. 20002
Tel:  (202) 232-1907
 Fax:  (202) 232-3704
jhannon@hannonlawgroup.com

*Attorneys for the FOP/DOC*