# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD BANKS, *et al.*,

    Plaintiffs-Petitioners,

v.

QUINCY BOOTH, in his official capacity as Director of the District of Columbia Department of Corrections, *et al.*,

    Defendants-Respondents.

No. 1:20-cv-00849 (CKK)

### DECLARATION OF DOREEN DETERVILLE

1. My name is Doreen Deterville. I am over 18 years old and am competent to make this declaration.

2. Since 2017, I have served as the Chairperson of the Youth Rehabilitation Act Committee for the D.C. Department of Corrections (DOC). In that role, I lead a team comprised of a case manager, licensed clinical psychologist, and vocational experts who make sentencing recommendations to courts in cases involving youth defendants.

3. As part of my work, I enter the Central Detention and Correctional Treatment Facilities to interview prisoners.

4. I am submitting this declaration because I am appalled at the inadequacy of the measures taken by DOC to prevent the spread of COVID-19 at its facilities.

5. Among the most concerning aspects of DOC's approach has been the disincentives it has created for workers to stay home when sick.

6. For example, on November 30, 2020, I overheard a staff member on speakerphone with a human resources official. The staff member explained that she believed that she had been

exposed to COVID-19 and that she needed to take leave to get tested. The human resources official did not tell the employee to leave the building immediately. Instead, she stated that she could not grant administrative leave unless the staff member tested positive. The staff member stayed at work for the remainder of the day, and I saw her at the CTF the next day and the day after. Thus, if the staff member ultimately tested positive (I do not know whether she did or did not), DOC's refusal to provide her leave in a timely manner would have created many opportunities for the virus to spread.

7. DOC's reluctance to grant leave may explain why a correctional officer reported to his assignment for multiple days despite feeling very ill and ultimately testing positive for COVID-19. The officer was responsible for conducting bag searches and body scans at a staff entrance to the CTF. I interacted with him on November 10, 2020, when he told me that he felt very sick, and, upon seeing that my transparent handbag contained packets of Emergen-C (a Vitamin-C supplement used to relieve cold-like symptoms), asked if he could have one.

8. On November 13, 2020, the same officer told me that he was awaiting the results of a COVID-19 test. Later in the day, I learned that the test came back positive.

9. Although DOC sent the officer home, it did not send any notification informing staff that an employee tested positive. Nor was I ever contacted by a contact tracer. In fact, I have never been contacted by a contact tracer about potential exposure to a staff member or prisoner who tested positive for COVID-19. Indeed, the only time a DOC official ever personally contacted me to inform me of potential exposure occurred after my office suitemate was exposed to the illness and insisted that our supervisor tell me about her situation.

10. A recent DOC policy change indicates that the Department intends to make it harder, not easier, for potentially COVID-19 positive employees to stay home.

11. On November 18, 2020, DOC Director Quincy Booth issued an open letter to staff stating that "[t]here are two scenarios in which the granting of administrative leave for COVID-19 related reasons has been authorized for DOC employees": (1) "A positive COVID-19 test result"; or (2) "[m]edical documentation recommending the employee self-quarantine."

12. On November 30, 2020, Director Booth issued another open letter stating that employees could now only receive administrative leave after a positive test. Employees who do not have personal leave, and have not had time to obtain a test, but whose doctors urge them to quarantine, must report to work, where they could potentially infect prisoners and other staff while waiting for DOC to approve a formal COVID-19 leave request.

13. The perverse incentives of DOC's latest policy are consistent with what I view as its callous response to this crisis—an approach that has left me in fear for myself and the people I work with and serve.

I, Doreen Deterville, certify under penalty of perjury under the laws of the United States, including 28 U.S.C. § 1746, that the foregoing statement is true and correct to the best of my knowledge and belief.

Dated: Dec 18, 2020

Doreen Deterville
_____
Doreen Deterville
Chairperson Youth Rehabilitation Act Committee
D.C. Department of Corrections
1901 E Street, SE
Washington, D.C. 20003

Doreen Deterville

Signature: _Doreen Deterville (Dec 18, 2020 14:13 EST)_

Email: detervilledoreen@gmail.com