UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD BANKS, *et al.*,<br>    Plaintiffs<br>    v.<br>QUINCY L. BOOTH, *et al.*,<br>    Defendants | Civil Action No. 20-849(CKK) |

**MEMORANDUM OPINION & ORDER**
(April 26, 2021)

Before the Court is Defendants' [150] Motion to Stay Proceedings pending Defendants' appeal of the Court's entry of a preliminary injunction and denial of Defendants' motion for reconsideration. Specifically, Defendants request that the Court stay: (1) Defendants' deadline to respond to the Complaint; (2) discovery; and (3) briefing on Plaintiffs' motions for class certification and to appoint lead counsel. For the reasons described below, the Court shall **GRANT-IN-PART** and **DENY-IN-PART** Defendants' Motion to Stay.

**I. LEGAL STANDARD**

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)). Moreover, a party requesting a stay of proceedings "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

1

## II.  DISCUSSION

Defendants move to stay proceedings in this case pending their appeal of the Court's entry of a preliminary injunction and denial of Defendants' motion for reconsideration.  The Court finds that Defendants have not demonstrated "a clear case of hardship or inequity" to warrant a stay of all proceedings in this matter.  As set forth below, the Court shall stay additional briefing on Plaintiffs' [3] Motion for Class Certification and Appointment of Class Counsel, but shall deny Defendants' motion to the extent it seeks to stay their response to the Complaint and proceeding with discovery.  However, noting the concerns raised by Defendants in their pleadings, the Court shall allow Defendants additional time to respond to discovery requests.

The Court shall briefly address the parties' arguments regarding Defendants' request for a stay.  First, unsurprisingly, the Court does not agree with Defendants that they are likely to prevail on the merits of their appeal.  The Court has now addressed Defendants' arguments against injunctive relief on three separate occasions, including, most recently, by denying Defendants' motion for reconsideration of the preliminary injunctive relief granted in favor of Plaintiffs.  *See* Am. Order on Pls.' Mot. for TRO, ECF No. 50; Order Granting in Part Pls.' Mot. for Prelim. Inj., ECF No. 100; Order Denying Defs.' Mot. to Vacate Prelim. Inj., ECF No. 142.

Defendants primarily argue that they would be harmed if discovery moves forward because requiring Defendants to respond to Plaintiffs' discovery requests would  "divert the attention and resources of DOC staff away from addressing the ongoing pandemic to engage in further litigation and discovery that may ultimately prove unnecessary."  Defs.' Mot. to Stay Proceedings ("Defs.' Mot.") at 6, ECF No. 150; *see also id.* at 7 ("[U]nder the difficult and rapidly changing circumstances of a novel pandemic, the harm of diverting staff from their usual duties to participate in discovery could not be more acute."); Defs.' Reply in Support of Mot. to Stay ("Defs.' Reply")

2

at 5, ECF No. 152.  On the other side of the equation, Defendants contend that Plaintiffs would suffer at most a "brief delay" in litigation and discovery.  Defs.' Mot. at 7.  Defendants also note that several inspections of the facilities have already been conducted by *amici* and that the D.C. Circuit has granted the parties expedited briefing on their appeal.[1]  *Id.* at 8–9.  For these same reasons, Defendants also contend that a stay is in the "public interest," because the "public interest is not served by diverting critical DOC resources in the pursuit of what may be burdensome, unnecessary discovery," particularly "during a pandemic when government resources are already stretched thin."  *Id.* at 8.  Plaintiffs respond that Defendants' arguments about the burdens imposed by discovery are "speculative" and may be raised as objections to specific discovery requests.  Pls.' Opp'n to Defs.' Mot. to Stay ("Pls.' Opp'n") at 2, ECF No. 151.  Moreover, Plaintiffs contend that they would be harmed by a stay because by not proceeding with discovery, Plaintiffs have "no ability" to ensure that "Defendants are complying with the Court's injunction."  *Id.* at 6.  And they further note that "given the rapidly changing nature of the pandemic," Defendants' proposed delay would "risk additional injury" and would delay the Court's resolution of the claims not yet addressed by the Court.  *Id.* at 5, 8.

Defendants further argue that a stay would promote judicial economy because their appeal presents "serious legal questions" involving the "proper application of the Eighth and Fifth Amendment due process in the context of prison administration, especially during a pandemic" and the "requirements of the PLRA in this jurisdiction."  Defs.' Mot. at 8–9.  Defendants argue that the resolution of these legal questions will alter the course of this litigation, which counsels in favor of a stay to preserve the parties' and this Court's resources.  *Id.* at 10.  Defendants note,

---

[1] The parties' briefing on appeal was completed on April 9, 2021 and oral argument is scheduled for May 11, 2021. *See* Feb. 19, 2021 and Mar. 25, 2021 Orders, *Banks et al, v. Booth et al.*, No. 20-5216 (D.C. Cir.).

for example, that the PLRA's "need-narrowness-intrusiveness" requirement previously has not been addressed squarely in this Circuit." *Id*. at 9.  They argue that if the Circuit Court concludes that the Court's findings were inadequate under the PLRA to support the preliminary injunction, that will inform the parties and the Court "of the proper scope of any relief to be sought or awarded in the future." *Id.* at 10.  However, as Plaintiffs note, Defendants do not explain how, even if the appellate court were to reverse the preliminary injunction, a reversal would make discovery conducted in the interim unnecessary or different in scope.  Pls.' Opp'n at 1, 9; *see, e.g.*, *Wrenn v. Dist. of Columbia*, 179 F. Supp. 3d 135, 139 (D.D.C. 2016) ("If it were *certain* that the D.C. Circuit's resolution of the interlocutory appeal would resolve this case, then there would be a strong argument for staying the case pending that decision.").

Although the Court is sensitive to the challenges posed to Defendants in addressing the ongoing COVID-19 pandemic while simultaneously defending its efforts in litigation, it does not find Defendants' justifications for a stay persuasive to halt this case from proceeding with fact discovery.  Accordingly, the Court shall permit the parties to proceed with discovery.  However, to "weigh competing interests," *Wrenn*, 179 F. Supp. at 136, the Court shall allow Defendants 45 days to respond to Plaintiffs' interrogatories and requests for production.  *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).  In addition, the Court shall stay further briefing on Plaintiffs' motion for class certification until further order of the Court.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS-IN-PART and DENIES-IN-PART** Defendants' motion to stay proceedings in this case pending appeal. It is hereby

**ORDERED** that Defendants shall answer or otherwise respond to Plaintiffs' Complaint by **MAY 14, 2021**; it is further

**ORDERED** that the Court shall **STAY** additional briefing on Plaintiffs' [3] Motion for Class Certification and Appointment of Class Counsel until further order of the Court; and it further

**ORDERED** that pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), Defendants shall be permitted **45 days** to respond to Plaintiffs' requests for production and interrogatories.

**SO ORDERED.**

Dated: April 26, 2021

                                                     /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge