UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDWARD BANKS**, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**QUINCY BOOTH**, *et al.*,<br><br>*Defendants*. | Civil Action No. 20-849 (CKK) |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING NOTICE PLAN, AND SCHEDULING FAIRNESS HEARING

Upon consideration of the Parties' [177] Joint Motion for Preliminary Order of Approval and Settlement (Motion), the entire record, and it appearing that the relief should be granted, it is ORDERED that:

WHEREAS, the Parties have applied to the Court for an order preliminarily approving the settlement of this action in accordance with the terms and provisions of the Class Action Settlement Agreement and Release dated February 14, 2022 (Settlement Agreement) which sets forth the terms and conditions for a proposed settlement of the lawsuit; and

WHEREAS, the Court has reviewed and considered that Settlement Agreement and has reviewed and considered the Parties' submissions, and is otherwise fully informed regarding these proceedings, and with good cause shown;

NOW, THEREFORE, IT IS ORDERED:

This Order (the Preliminary Approval Order) incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms shall have the same meanings set forth in the Settlement Agreement.

The Court has jurisdiction over the subject matter of this lawsuit, the Parties, and all members of the Class. The Court retains jurisdiction over this action for the limited duration of the Settlement Agreement. The Court accepts the Parties' stipulation that the Settlement Agreement is not a consent decree. The Court further accepts the Parties' agreement as to 18 U.S.C. § 3626(a)(1)(A) and makes all necessary findings to retain jurisdiction for the enforcement of the Settlement Agreement over its limited duration.

Class Counsel and Class Representatives have adequately represented the Class for the purpose of entering into and implementing the Settlement Agreement. Class Counsel has made reasonable efforts to consult with members of the Class.

Having reviewed the Settlement Agreement, the Court preliminarily approves the Settlement Agreement and the settlement contemplated by the Parties, as being fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and as being the product of informed, arm's length, negotiation by counsel. The Settlement Agreement contains no deficiencies that would prevent preliminary approval. The Court directs the Parties to proceed with the settlement pursuant to the terms and conditions of the Settlement Agreement, subject to this Court's authority to determine whether to order final approval of the Settlement. The District of Columbia is solely responsible for compensating the Inspector, as that term is defined in, and pursuant to, the terms of the Settlement Agreement.

The Court finds that the form of Class Notice filed at ECF No. 180 fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provides adequate notice to members of the Class. The Court directs that the Class Notice shall be provided to the members of the Class by posting copies in every unit of CDF and CTF **within two business days of the entry of this Order** and keeping such Notice posted in each unit until the date of the Fairness Hearing. The Court also directs the Bureau of Prisons (BOP) to post copies

of the Class Notice in all housing units and common areas at USP Lewisburg occupied by any residents who have been transferred from the D.C. Jail since March 30, 2020. The Notice shall be posted substantially in the form as attached as ECF No. 180, provided that the Parties, by agreement, may revise the Class Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy, and may adjust the layout of the Class Notice for clarity and efficient posting. The Court further directs that copies of the Notice shall be provided to all counselors and unit/case managers at the Jail and at USP Lewisburg in sufficient quantities that copies can be provided within one business day to any resident who requests one.

All Class Members shall be bound by all determinations and judgments concerning the Settlement Agreement and the settlement contemplated thereby.

The Court's preliminary approval of the Settlement Agreement shall be subject to further consideration at a Fairness Hearing to be held before this Court on **APRIL 12, 2022**, at **9:00 a.m.** by **Zoom videoconference** (the Fairness Hearing), by a link to be provided by the Court. The Court will determine at or following the Fairness Hearing whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court. The date and time of the Fairness Hearing shall be set forth in the Class Notice.

Any Class Member who indicates that they want to participate in the Fairness Hearing via the procedures outlined in the Class Notice may appear by telephone or by videoconference at the Fairness Hearing, through counsel (if a notice of appearance is filed and served), or through a duly authorized guardian or representative, and may be heard, to the extent allowed by the Court, in support of, or in opposition to, the fairness, reasonableness, and adequacy of the settlement. Unless such requirement is excused by the Court, no person shall be heard in opposition to the settlement unless, on or before **MARCH 29, 2022**, such person has: (i) filed with the Clerk of Court a letter including the Class Member's name and address, a statement indicating the basis for the Class

3

Member's opposition to the terms of thesettlement, and demonstrating that the objector is a Class Member, the signature of the Class Member, attorney, guardian or representative (as the case may be), and, in the case of a guardian or representative, proof of the person's status as such; or (ii) called class counsel with this information as specified on the Notice of Proposed Class Action Settlement and Hearing.

The Court reserves the right to adjourn the Fairness Hearing from time to time without further notice by adjournment announced in open court and to rule upon the settlement at any time after the Fairness Hearing.

By no later than **APRIL 5, 2022**, Class Counsel and counsel for Defendants shall file with the Court (1) their responses to any comments or objections to the settlement, together with copies of the objections which they have received and to which they are responding; and (2) any papers in support of final approval of the settlement.

The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, without further notice to Class Members.

If for any reason the Settlement Agreement is not finally approved by the Court or otherwise does not become effective, this Preliminary Approval Order shall be rendered null and void and shall be vacated *nunc pro tunc*, the Parties will revert to the positions they occupied prior to the execution of the Settlement Agreement, and all proceedings in connection with thesettlement shall be without prejudice to the *status quo ante* rights of the Parties to the lawsuit. In this event, the Parties expressly do not waive, and will not be construed to have waived, any claims, arguments, objections, and/or defenses.

**SO ORDERED.**

February 18, 2022

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

4