UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD BANKS, *et al.*,<br><br>         *Plaintiffs*,<br><br>v.<br><br>QUINCY BOOTH, *et al.*,<br><br>         *Defendants*. | Civil Action No. 20-849 (CKK) |

### JOINT RESPONSE TO SETTLEMENT OBJECTIONS

The Court has received four objections to the settlement agreement from class members. *See* Doc. Nos. 185, 187, 189. "The mere fact that there are objections to the settlement does not necessitate disapproval; instead, the Court must evaluate the objections to determine whether they suggest serious reasons why the proposed settlement might be unfair." *Nwabueze v. AT & T Inc.*, No. 09-01529, 2013 WL 6199596, at *6 (N.D. Cal. Nov. 27, 2013). *See also Nat'l Treasury Emps. Union v. Reagan*, No. CIV.A. 81-0195, 1988 WL 33028, at *3 (D.D.C. Mar. 24, 1988) (explaining that although "the Court should not ignore the existence of objections in assessing the fairness, adequacy, and reasonableness of the [settlement], the existence of objections *per se* is not controlling."). The settlement is "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e), notwithstanding the objections.

As an initial matter, courts consider the number of objections to determine whether a settlement is fair. 2 H. Newberg, *Newberg on Class Actions* § 11.47, at 463 (2d ed. 1985) (citing *Laskey v. International Union (UAW)*, 638 F.2d 954 (6th Cir. 1981)). And the "existence of even a relatively few objections certainly counsels in favor of approval." *Cohen v. Chilcott*, 522 F. Supp. 2d 105, 119 (D.D.C. 2007). Here, only four class members—out of several

1

thousand—objected to the settlement. In other words, less than one percent of the class has objected. *See Hammon v. Barry*, 752 F. Supp. 1087, 1092 (D.D.C. 1990) (describing a "low level of dissatisfaction" among class members when 85 out of 2,000 objected to the settlement); *Bryan v. Pittsburgh Plate Glass Co.*, 494 F.2d 799, 803 (3d Cir. 1974) (affirming district court's approval of class action settlement over objections by over twenty percent of class). The very small number of objections illustrates that the settlement is fair to the class.

Two of the four objections are predicated on class members' concern that they will be unable to file separate damages lawsuits against Defendants for their conduct during the Covid-19 pandemic if the Court approves the settlement. In fact, however, class members *can* file separate lawsuits for damages. The settlement agreement releases only "claims that were or could have been asserted by Plaintiffs and/or Settlement Class members in any forum based on the facts as alleged in the Complaint," Doc. No. 177-2 at 12 (emphasis added).

The two other objectors allege specific failures by Defendants to appropriately and constitutionally respond to the Covid-19 pandemic that they believe should be addressed by the settlement. Specifically, objector Kimberly Thompson requests that a "monetary penalty" be attached to Defendants' conduct. Doc. No. 185. The objection also notes that the D.C. Jail building should be replaced and that it took too long to receive medication and medical services.[1] *See id.* Objector Brooks Williams notes that the D.C. Jail should be required to provide regular access to drinking water, improved ventilation, and adequate out-of-cell time. Doc. No. 187. While Plaintiffs agree that the settlement does not address every issue, including some very important issues, "it is the complete package taken as a whole . . . that must be examined for overall

---

[1] The settlement does include a requirement, subject to confirmation by inspection, that Defendants provide medical care to 100 percent of D.C. Jail residents within 48 hours. Doc. No. 177-2 at 6, 9.

fairness." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982). As a settlement is by nature a negotiated compromise, courts recognize that an agreement need not include all possible relief in order to be fair and reasonable. *See, e.g.*, *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996) (affirming decision to approve settlement in class action concerning prison conditions that did not "provide all the relief desired by particular, individual [incarcerated people]" where it nonetheless "achieve[d] significant improvements or reforms"); *Sullivan v. DB Investments, Inc.*, Civil Action No. 04-2819 (SRC), 2008 WL 8747721, at *24 (D.N.J. May 22, 2008) ("the injunctive relief being weaker or shorter in duration than absolutely possible does not render the injunction 'inadequate'"); *cf. Officers for Justice*, 688 F.2d at 628 ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair").

The settlement in this case was reached after two years of extensive litigation and over four months of mediation. It requires Defendants to have in place a variety of precautionary measures, ranging from access to swift medical care and appropriate sanitation to allowing outdoor recreation, and provides for an independent inspector to ensure compliance with the policies outlined in the agreement. *See* Doc. No. 177-2. Even if some class members feel that more relief is due, "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution," *Sarceno v. Choi*, 78 F. Supp. 3d 446, 451 (D.D.C. 2015) (citing *In re Gen. Motors Corp.*, 55 F.3d 768, 806 (3d Cir. 1995)). Further, the continued threat the pandemic poses to people in the jail justifies prompt relief, favoring a settlement agreement that provides substantial—albeit not exhaustive—relief now as opposed to a litigation process that might last years before further relief is obtained. In short, the settlement reached in this case provides meaningful relief to the class in light of all circumstances.

The Court should approve the settlement notwithstanding the four objections. The settlement is "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e), for the reasons explained above and in the parties' Joint Motion for Preliminary Order of Approval and Settlement, *see* Doc. No. 177-1.

Dated:  April 5, 2022                                               Respectfully submitted,

| | |
|---|---|
| KARL A. RACINE<br>Attorney General for the District of Columbia<br><br>CHAD COPELAND<br>Deputy Attorney General<br>Civil Litigation Division<br><br>*/s/ Fernando Amarillas*<br>FERNANDO AMARILLAS [974858]<br>Assistant Deputy Attorney General<br><br>*/s/ Micah Bluming*<br>MICAH BLUMING [1618961]<br>PAMELA DISNEY [1601225]<br>Assistant Attorneys General<br>ANDREW J. SAINDON [456987]<br>Senior Assistant Attorney General<br>Equity Section<br>400 Sixth Street, N.W., Suite 10100<br>Washington, D.C. 20001<br>(202) 724-7272<br>(202) 730-1833 (fax)<br>micah.bluming@dc.gov<br>pamela.disney@dc.gov<br>andy.saindon@dc.gov<br><br>*Counsel for Defendants* | */s/ Zoé Friedland*<br>Zoé E. Friedland (Bar ID D00516)<br>Jonathan W. Anderson (D.C. Bar # 475306)<br>Hanna Perry*<br>Public Defender Service for the District of Columbia<br>633 Indiana Avenue N.W.<br>Washington, D.C. 20004<br>Tel. 202-824-2524<br>Fax 202-824-2525<br>*Member NY Bar; Practicing in DC under DC App. R. 49(c)(9)(B)<br><br>*/s/ Scott Michelman*<br>Scott Michelman (D.C. Bar # 1006945)<br>Arthur B. Spitzer (D.C. Bar # 235960)<br>Michael Perloff (D.C. Bar # 1601047)<br>American Civil Liberties Union Foundation<br>     of the District of Columbia<br>915 15th Street NW, Second Floor<br>Washington, D.C. 20005<br>Tel. 202-457-0800<br>smichelman@acludc.org<br><br>*/s/ Jacob S. Kreilkamp*<br>Jacob S. Kreilkamp (*pro hac vice*)<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Avenue<br>50th Floor<br>Los Angeles, CA 90071-3426<br>Tel.: 213-683-9260<br>Fax: 213-593-2960<br>jacob.kreilkamp@mto.com |

*/s/ Rachel G. Miller-Ziegler*
Rachel G. Miller-Ziegler (D.C. Bar # 229956)
Brendan B. Gants (D.C. Bar # 1031419)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington DC, 20014
(202) 220-1100
rachel.miller-ziegler@mto.com

*Counsel for Plaintiffs*
