UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDWARD BANKS,** *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**QUINCY BOOTH,** *et al.*,<br><br>*Defendants*. | Civil Action No. 20-849 (CKK) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR FINAL ORDER OF APPROVAL AND SETTLEMENT

Following nearly two years of litigation relating to the COVID-19 response carried out by the District of Columbia Department of Corrections (DOC) at the D.C. Jail,[1] Plaintiffs Edward Banks, D'Angelo Phillips, Keon Jackson, and Eric Smith, and Defendants Thomas Faust and Wanda Patten[2] (collectively, the Parties) reached a settlement agreement in this case. The Parties previously moved for preliminary approval of the class action settlement, which the Court granted on February 18, 2022, scheduling a fairness hearing for April 12, 2022. Notice was subsequently provided to class members, and out of a class of several thousand, four class members objected to the Settlement Agreement. The Parties now jointly move this Court for an Order finally approving the Settlement Agreement.

---

[1] As the Court is familiar with the factual background and the procedural history, which were summarized in the Parties' motion for preliminary approval of the Settlement Agreement (Doc. No. 177), and to avoid further burdening the record, the Parties will not restate them here.

[2] The Complaint named District of Columbia Department of Corrections (DOC) Director Quincy Booth and Warden Lennard Johnson as defendants, both in their official capacities. Since then, Director Quincy Booth has been replaced by Director Thomas Faust and Warden Lennard Johnson has been replaced by Deputy Director of Operations Wanda Patten. The new officials will be "automatically substituted as a party." Fed. R. Civ. P. 25(d).

The proposed settlement resulted from good faith, arm's-length negotiations among experienced counsel for the Parties, and is fair, reasonable, and adequate and serves the best interests of the proposed class members. *See* Fed. R. Civ. P. 23(e). The settlement agreement as well as a summary of its terms were provided in the Parties' Motion for Preliminary Approval. Doc. No. 177 (Joint Motion for Preliminary Order of Approval and Settlement). The settlement consists of several actions Defendants have agreed to take over a six-month period, which include maintaining precautionary measures to prevent the spread of COVID-19 in the D.C. Jail, ranging from providing swift access to medical care and cleaning supplies, to providing outdoor recreation time. Dr. Carlos Franco-Paredes, Associate Professor, Medicine-Infectious Disease, at the University of Colorado School of Medicine, was appointed in this case to conduct up to five unannounced inspections of DOC facilities during this six-month period.

In considering whether to grant final approval of a class action settlement, Rule 23(e)(2) directs the Court to determine whether the agreement is "fair, reasonable, and adequate," taking into consideration whether: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate . . . and (D) the proposal treats class members equitably relative to each other." These very factors are assessed at the preliminary-approval stage. Accordingly, the Parties incorporate by reference their previously submitted argument and analysis. *See* Doc. No. 177 (Joint Motion for Preliminary Order of Approval and Settlement).

Following the Preliminary Approval of the Settlement Agreement, notice of the settlement agreement was provided to class members pursuant to the approved notice plan. *See* Doc. Nos. 177 (Joint Motion for Preliminary Order of Approval and Settlement), 180 (Notice of Revised Class Notice). Specifically, copies of the Court-approved Class Notice were posted in every unit

of the Central Detention Facility (CDF) and the Correctional Treatment Facility (CTF), and were provided to all counselors and unit managers within the Jail. The Court also ordered the Federal Bureau of Prisons to post Class Notices in all housing units and common areas at USP Lewisburg occupied by any residents who have been transferred from the D.C. Jail since March 30, 2020. Doc. No. 184 (Order Directing BOP to Post Class Notice).

Out of several thousand class members, only four objected to the settlement. *See* Doc Nos. 185 (Notice of Objection by Kimberly Thompson), 187 (Objections Received by Plaintiffs' Counsel), 189 (Supplemental Objection Received by Plaintiffs' Counsel). For the reasons outlined in the Parties' Joint Response to Objections, filed contemporaneously with this Motion for Final Approval of Settlement, these objections do not demonstrate a lack of fairness or reasonableness in the Settlement Agreement. For example, several of the objectors highlight some forms of injunctive relief that they believe should have been included in the settlement. Yet, a settlement is by nature a negotiated compromise and, as explained in the Response to Objections, while the Settlement does not address every issue it nonetheless provides meaningful relief at a time when it is needed.

The Settlement Agreement is fair, reasonable, and adequate and in the best interest of all members of the settlement class. It provides substantial and immediate relief to Plaintiffs, and will ensure safer conditions in DOC facilities for Plaintiffs far sooner than a litigated outcome. The Parties therefore request that the Court enter an order finally approving the Settlement Agreement.

For the foregoing reasons, the Parties request that the Court grant their joint motion and enter the attached proposed order.

Dated: April 5, 2022

/s/ Zoé Friedland
Zoé E. Friedland (Bar ID D00516)
Jonathan W. Anderson (D.C. Bar # 475306)
Hanna Perry*
Public Defender Service for the District of Columbia
633 Indiana Avenue N.W.
Washington, D.C. 20004
Tel. 202-824-2524
Fax 202-824-2525
*Member NY Bar; Practicing in DC under DC App. R. 49(c)(9)(B)

/s/ Scott Michelman
Scott Michelman (D.C. Bar # 1006945)
Arthur B. Spitzer (D.C. Bar # 235960)
Michael Perloff (D.C. Bar # 1601047)
American Civil Liberties Union Foundation
    of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
Tel. 202-457-0800
smichelman@acludc.org

/s/ Jacob S. Kreilkamp
Jacob S. Kreilkamp (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071-3426
Tel.: 213-683-9260
Fax: 213-593-2960
jacob.kreilkamp@mto.com

/s/ Rachel G. Miller-Ziegler
Rachel G. Miller-Ziegler (D.C. Bar # 229956)
Brendan B. Gants (D.C. Bar # 1031419)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington DC, 20014
Tel.: (202) 220-1100
rachel.miller-ziegler@mto.com

*Counsel for Plaintiffs*

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ Fernando Amarillas
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General

/s/ Micah Bluming
MICAH BLUMING [1618961]
PAMELA DISNEY [1601225]
Assistant Attorneys General
ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
(202) 724-7272
(202) 730-1833 (fax)
micah.bluming@dc.gov
pamela.disney@dc.gov
andy.saindon@dc.gov

*Counsel for Defendants*