UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD BANKS, *et al.,*

        Plaintiffs,

v.

QUINCY BOOTH, in his official capacity as Director of the District of Columbia Department of Corrections, *et al.,*

        Defendants.

No. 1:20-cv-849 (CKK)

**MEMORANDUM OPINION**
(April 12, 2022)

Pending before the Court is the Parties' [191] Joint Motion for Final Approval of Settlement. After a fairness hearing on April 12, 2022 and upon consideration of the [177-2] Class Action Settlement Agreement and Release ("Settlement Agreement"), the parties' related submissions, the objections thereto, and the record as a whole, for the reasons below, the Court shall **GRANT** the parties' Joint Motion for Final Approval of Settlement.

**I.    BACKGROUND**

Plaintiffs filed their Complaint in this action on March 30, 2020 seeking (in general terms) injunctive relief addressing the conditions at the District of Columbia Central Detention Facility and Correctional Treatment Facility (together, "D.C. Jail") during the COVID-19 pandemic. *See* Compl., ECF No. 1. After approximately nineteen months of litigation, the parties engaged in mediation over a four-month period through the D.C. Circuit Mediation Program. *See* Order (Aug. 16. 2021), ECF No. 164; *see also* Joint Status Reports, ECF Nos. 166, 168, 169, 173, 174, 176.

On February 12, 2022, the parties filed a [177] Joint Motion for Preliminary Approval of Settlement, which the Court granted on February 18, 2022, *see* Order, ECF No. 182.  Plaintiffs also filed an unopposed [179] Motion for Certification of Settlement Class and Appointment of Class Counsel, which the Court granted for the reasons in its [182] Order.

Pursuant to the Court's [182], [184] Orders, the [180] Class Notice was required to be posted and available for distribution within two business days of the Court's [182] Order granting the parties' joint motion for preliminary approval of the settlement.[1]  The Class Notice provided instructions for submitting objections to the settlement to the Court.  *See* Class Notice at 4, ECF No. 180.

Four class members submitted objections.  *See* ECF Nos. 185, 187, 188, 189.  Two of the four objections are predicated on class members' concern that they will be unable to file separate damages lawsuits against Defendants for their conduct during the COVID-19 pandemic if the Court approves the settlement.  *See* ECF No. 188, 189.  Two other objections address specific failure by Defendants to respond to the COVID-19 pandemic, including one which seeks a "monetary penalty," and alleges that Defendants took too long to provide medication and medical services.  *See* ECF No. 187, at 1.  A second specific objection asks that the D.C. Jail be required to provide regular access to drinking water, improved ventilation, and adequate out-of-cell time. *See id.* at 2.

The Court held a Final Fairness Hearing on April 12, 2022.  During the hearing, the Court heard arguments by counsel for both parties.  Three out of the four class members who submitted written objections appeared for the Final Fairness Hearing and presented their objections orally.

---

[1] Due to the transfer of inmates from the D.C. Jail to USP Lewisburg in recent months—including members of the settlement class—the Court ordered that the Class Notice be posted at that facility and that it also be "provided to all counselors and case managers at USP Lewisburg in sufficient quantities that copies can be provided within one business day to any resident who requests one." Order, ECF No. 184.

## II.   DISCUSSION

Upon consideration of the parties' joint [177] and [191] motions, Plaintiffs' [179] unopposed motion for certification of the settlement class, the submissions of the Parties relating to the proposed Settlement, the written and oral objections thereto, the arguments of counsel at the Final Fairness Hearing, and the entire record of this case, for the reasons below, the Court shall **GRANT** the parties' [191] Joint Motion for Final Approval of Class Action Settlement.

Federal Rule of Civil Procedure 23(e)(2) directs that the Court may approve a proposed class action settlement "only after a hearing" and "only on finding that it is fair, reasonable, and adequate after considering whether (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate . . . and (D) the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2).

The Court finds that the Settlement Agreement is fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, that the class representatives and class counsel have adequately represented the class, that the settlement is in the best interest of the Settlement Class and provides adequate and equitable relief to the members thereof, and is the product of informed, arm's length negotiation by experienced counsel for the parties.

The Court notes that four class members "out of several thousand," submitted objections to the parties' settlement. *See* ECF No. 191-1, at 3; ECF Nos. 185, 187, 188, 189. As the parties note, the "very small number of objections"—submitted by less than 1% of the settlement class— "illustrates that the settlement is fair to the class." ECF No. 190, at 2. Moreover, the Court finds that these objections do not demonstrate a lack of fairness or reasonableness in the Settlement

Agreement.  As the parties noted in their [190] Joint Response to Settlement Objections, at least two objecting class members conveyed concern that they would not be able to file separate damages lawsuits against Defendants.  But as the parties explain, "class members *can* file separate lawsuits for damages" because the Settlement Agreement releases only "claims that were or could have been asserted by Plaintiffs and/or Settlement Class members in any forum based on the facts alleged in the Complaint."  ECF No. 190, at 2.  Finally, as to the specific objections regarding Defendants' conduct in response to the COVID-19 pandemic, the Court finds that the Settlement Agreement fairly and reasonably addresses such concerns.  For example, it "requires Defendants to have in place a variety of precautionary measures, ranging from access to swift medical care and appropriate sanitation to allowing outdoor recreation, and provides for an independent inspector to ensure compliance with the policies outlined in the [A]greement."  *Id.* at 3; *see also* Settlement Agreement §§ III, IV.

       The Court has jurisdiction over the subject matter of this lawsuit, the parties,  and  all members of the Class. The Court retains jurisdiction over this action for the limited duration of the Settlement Agreement, which expires on August 14, 2022.  Settlement Agreement § I(H). The Court accepts the parties' stipulation that the Settlement Agreement is not a consent decree.  The Court further accepts the parties' agreement as to 18 U.S.C. § 3626(a)(1)(A) and makes all necessary findings to retain jurisdiction for the enforcement of the Settlement Agreement over its limited duration.  As set forth in the accompanying order, all Class Members shall be bound by all determinations and judgments concerning the Settlement Agreement and the settlement contemplated thereby.

## III.   CONCLUSION

For the foregoing reasons, the Court shall **GRANT** the parties' [191] Joint Motion for Final Approval of Settlement. An appropriate Order accompanies this Memorandum Opinion.

April 12, 2022

                                                                                     /s/
                                                      COLLEEN KOLLAR-KOTELLY
                                                      United States District Judge